Natalie **WEYAUS, as Trustee for the Heirs and Next of Kin of Christopher Weyaus, decedent, Petitioner, Appellant,**

v.

**Douglas SAM, Respondent.**

No. C2–87–2047.

Supreme Court of Minnesota.

Jan. 31, 1989.

Douglas P. Anderson, Little Falls, for petitioner, appellant.

Richard P. Mahoney, Minneapolis, for respondent.

COYNE, Justice.

This action for wrongful death has been brought against Douglas Sam, owner of a vehicle customarily used by his wife, Christine Sam, but driven at the time of the fatal accident by their adult son, Doran Sam. The jury found that Doran Sam was operating the vehicle without the consent of either parent. We affirm the judgment in favor of defendant Douglas Sam, as did the court of appeals.

Twenty-one year old Doran Sam lived in the home of his parents. Doran was twice charged during the spring of 1982 with reckless driving and fleeing a police officer, and his driver's license was revoked following the second offense. Because of Doran's drinking and reckless driving and because he did not have a driver's license, Douglas Sam forbade Doran to drive either of Douglas' two cars. Nevertheless, during the summer of 1983 Doran drove the maroon car designated for his mother's use about 10 times. Mrs. Sam was unaware of her son's use of the car. Douglas Sam had seen Doran driving the maroon car on several occasions. When that happened, Douglas would tell Doran to take the car home and would "raise Cain" about Doran's use of the car.

When Mrs. Sam discovered, about noon on August 8, 1983, that her car was missing, she called Douglas, interrupting a meeting of the Tribal Assembly of the Mille Lacs Band of Ojibwe, of which Douglas was the speaker and secretary-treasurer. Douglas said he could not leave the meeting but that he would look for Doran if he had not returned the car before Douglas finished work for the day. Mrs. Sam and her mother looked for Doran but could not find him. Douglas' search later in the afternoon was equally unsuccessful.

At about 7:45 p.m. the Sam vehicle struck another car in a head-on collision. Doran and his passenger, Christopher Weyaus, and both of the occupants of the other car were killed.

The trial court directed a verdict for the plaintiff with respect to negligence and proximate cause and submitted to the jury the issues of consent to Doran's operation of the car and damages. The jury found that Doran had operated the car without the consent of either Douglas or Christine Sam.

Pursuant to Minn.Stat. § 170.54 (1988), when a motor vehicle is operated with the owner's consent, express or implied, the operator is deemed the agent of the owner. Although plaintiff does not contend that Douglas expressly consented to Doran's use of the car, she argues that he impliedly

consented by failing to take every reasonable precaution to prevent Doran's unauthorized use of the car either before Doran took the car or after learning that the car was missing.

On the record before us we cannot hold that, as a matter of law, Douglas Sam consented to Doran's use of his automobile. The question was submitted to the jury on instructions which plaintiff concedes were proper. From the evidence of Doran's repeated use of the car the jury could have inferred the existence of implied consent, but it did not. In the light of the evidence of the parents' explicit prohibition against their adult son's use of the Sams' cars, Douglas' attempts to keep his car keys out of his son's hands, and the concerted efforts of both parents to find their son on the day of the accident, the jury's verdict that Doran was operating the vehicle without the consent of either parent is not manifestly contrary to the evidence.

Affirmed.

SIMONETT, J., took no part in the consideration or decision of this case.